SAWYER *v.* WOOD.

| 59  347 |
| Case 2 |
| 71  144 |

Whether a writ was made by a deputy sheriff in violation of *s.* 21, *c.* 216 of the General Laws, presents a question of fact, to be determined at the trial term.

MOTION, by Elizabeth P. Gill, who appears as a subsequent attaching creditor, to dismiss the action because the writ was made by a deputy sheriff.    Facts found by a referee.

March 25, 1879, the plaintiff went to the office of N. Butler, an attorney, to get him to make a writ of attachment against the defendant.    Not finding Mr. Butler, and after consulting with John C. Pearson, a deputy sheriff, the plaintiff requested one Choate and Pearson to find Charles Butler, a son of N. Butler, and see if he could not make the writ.    Charles said he thought he could make the writ if he could get into his father's office.    At that time, and for about a year and a half previous, Charles was in the employ of his father, assisting him to some extent in his office, writing insurance policies and copying legal documents.    During this time he had had some experience in making ordinary writs in assumpsit under his father's direction, but he had never studied law.

Having made an entrance into his father's office, Charles sat

down at a table to make the writ. Pearson made several suggestions to him in regard to filling out the blank; and it was doubtful whether he would have got the writ right in all particulars without the aid of Pearson's suggestions. The plaintiff understood that he was employing N. Butler to make his writ, and that Charles was acting for and in the name of his father, and by his authority. Pearson and Charles also so understood it. As soon as N. Butler learned what had been done, he ratified it all, and entered the action in court.

From the foregoing facts the referee found, as a matter of fact, that the writ in question was made for the plaintiff by N. Butler, and not by Pearson, and denied said Gill's motion to dismiss the action.

*Mugridge* and *Leach & Stevens,* for subsequent attaching creditor.

*Butler,* for the plaintiff.

FOSTER, J. Section 21, *c.* 216, G. L., provides that " any writ * * * made by a deputy sheriff * * * for another person, shall be void." The object of the statute was to guard against abuses that might follow from allowing the same person to exercise the powers of a sheriff and an attorney at the same time. *Osgood* v. *Norris,* 21 N. H. 435; *Smith* v. *Saxton,* 6 Pick. 483; *Clarke* v. *Lyman,* 10 Pick. 45.

But the question before the referee in this case was, whether the plaintiff's writ was made by an attorney or by a deputy sheriff. There was evidence tending to show that Charles Butler, in writing the writ, acted as the agent or servant of his father. No exception was taken to any of the evidence; and the referee having decided the question of fact in favor of the plaintiff, there is no question of law in the case. *Cummings* v. *Center Harbor,* 57 N. H. 17.

*Motion denied.*

ALLEN, J., did not sit: the others concurred.